The People of the State of New York, Respondent, *v.* Elite Steam Laundry, Inc., Appellant.

First Department, April 19, 1929.

*Charles H. Dreyfus,* for the appellant.

*Edwin B. McGuire, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

McAvoy, J. At the Municipal Term defendant was convicted by a magistrate holding a Court of Special Sessions of violating a provision of the Labor Law.

The information charged that defendant, between February 4 and October 6, 1928, allowed and permitted its female employees to work eighty-nine and one-half hours additional, or overtime, in violation of the Labor Law, section 172, article 5. This section limits the number of additional hours, or overtime, for females, to seventy-eight hours in any calendar year.

There is no dispute about the facts, and section 172 of the Labor Law (as amd. by Laws of 1927, chap. 453) under consideration is as follows:

" § 172. Females over sixteen. 1. No female over sixteen years of age shall be employed in a factory, except as provided in section one hundred and seventy-three:

" a. More than six days or forty-eight hours in any week, except as provided in subdivisions b and c of this section;

" b. More than eight hours in any day, except that she may be employed nine hours a day to make a shorter work day or holiday on any one day of the week, in which event she may be employed on five days of the week at not to exceed nine hours on each of such days and not more than four and one-half hours on such shorter work day and not in excess altogether of forty-nine and one-half hours in any such week;

" c. Notwithstanding the provisions of paragraphs a and b and in addition to the hours of work therein authorized, she may be employed for not to exceed an additional seventy-eight hours in any calendar year. In the distribution of such overtime herein authorized, no female shall be required, permitted or suffered to work more than ten hours on any day, and in no case shall she be

employed for more than six days nor more than fifty-four hours in any week."

This section contemplates as its terms set forth that, in addition to the services prescribed as permitted in subdivisions or paragraphs a and b, a female may be employed for an additional seventy-eight hours in each calendar year, providing that she does not work more than ten hours in any day, and during any six days or working week does not work more than fifty-four hours.

The arbitrary fixation of the use of the one and one-half hour additional time per week in the employee's overtime, has no support or warrant under the statute. The classification by the State authorities of the time prohibits the use of the additional time in one lump period on the one-half holiday when the employer keeps his employee for more than four and one-half hours on such half holiday. The State's contention that, for those thus employing a female employee, an additional hour may be added to each of the full five days in a work week and a count made as a penalty as though the employee was so employed, cannot be sustained. The People's assertion that the additional one and one-half hour permitted must be distributed over the five and one-half days and cannot be totally operative on the one-half holiday because this would interfere with the rest period contemplated to be given during such one-half holiday's time is not borne out by anything in statute or decision called to our attention or discovered here.

There being no legal warrant for the application of such a schedule to the employee's working time, the conviction was improperly obtained. An employer who works his female employees under a weekly schedule of nine hours a day for five days and four and one-half hours on the sixth day, may add under the express permit of the statute to the sixth or short day of four and one-half hours the one and one-half hours of overtime without violating the law.

The judgment should, therefore, be reversed, the defendant discharged, and the fine remitted.

Dowling, P. J., Finch, Martin and Proskauer, JJ., concur.

Judgment reversed, the defendant discharged and the fine remitted.